COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

HOUSEHOLD CREDIT SERVICES
AND
ASSOCIATED INDEMNITY CORPORATION            MEMORANDUM OPINION[*]
                                                 PER CURIAM
v.    Record No. 1107-96-1                   NOVEMBER 12, 1996

LAVERNE S. LAWRENCE

              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                    (Daniel E. Lynch; Vasiliki Moudilos; Williams &
                    Pierce, on brief), for appellants.

                    (Robert E. Walsh; Matthew H. Kraft; Rutter &
                    Montagna, on brief), for appellee.


        Household Credit Services and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that employer failed to

prove that Laverne S. Lawrence's post-August 25, 1995 disability

was not causally related to her compensable June 16, 1993 injury

by accident.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

        "General principles of workman's compensation law provide

that '[i]n an application for review of any award on the ground

of change in condition, the burden is on the party alleging such

change to prove his allegations by a preponderance of the

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On appeal, we view the evidence in the light most favorable to the party prevailing below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). So viewed, we note that the commission made the following findings:

> Dr. Holden, prior to August 25, last saw Lawrence on July 6. He signed a disability statement disabling her as of that date, with a diagnosis of post coccydynia. On July 30, he signed the long-term disability claim statement, in which he clearly related Lawrence's disability to her industrial injury. When he wrote his August 25 letter to the carrier's representative, Dr. Holden had not again examined the employee. Thus, . . . any change in his opinion was purely speculative.
>
> In addition, Dr. Holden's letter is internally inconsistent. He stated that "there is the possibility that part of this prolapsed uterus is causing some of her problems sitting," and that the automobile accident "complexed the situation." (Emphasis added). Dr. Holden admitted that he had not examined Lawrence for injuries sustained in the automobile accident. Therefore, his opinion that "she is not able to work because of prolapsing uterus and the automobile accident" lacks logical support. Further, . . . Dr. Holden's August 25 letter directly contradicts the opinions he rendered when he last examined Lawrence on July 6,

1995.

In finding that employer failed to meet its burden of proving that Lawrence's disability after August 25, 1995 was not related to her compensable work-related injury, the commission was entitled to reject Dr. Richard Holden's August 25, 1995 report. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991).

Based upon this record, we cannot say as a matter of law that the commission erred in finding that Dr. Holden's August 25, 1995 report was insufficient to justify terminating Lawrence's disability award. Thus, employer failed to meet its burden of proving that there was no causal link between Lawrence's post-August 25, 1995 disability and her work injury.

For the reasons stated, we affirm the commission's decision.

Affirmed.